PK

# UNITED STATES DISTRICT COURT
Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>BRYAN OSBORNE | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1:17-CR-00073(1)<br>USM Number: 51896-424<br><br>Douglas E. Whitney<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 22 of Superseding Indictment.
☐ pleaded nolo contendere to count(s)      which was accepted by the court.
☐ was found guilty on count(s)      after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18 U.S.C. § 1591(a), 18 U.S.C. § 1591(b)(1)  Sex Trafficking of a Minor and by Force, Fraud, or Coercion | 12/15/2016 | 22s |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) All Counts of Original Indictment and Remaining Counts of Superseding Indictment are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

September 30, 2019
Date of Imposition of Judgment

Signature of Judge
Sara L. Ellis, United States District Judge
Name and Title of Judge

10/18/19
Date

Case: 1:17-cr-00073 Document #: 138 Filed: 10/18/19 Page 2 of 14 PageID #:1910
ILND 245B (Rev. 09/23/2019) Judgment in a Criminal Case
Sheet 2 – Imprisonment

Judgment – Page 2 of 8

DEFENDANT: BRYAN OSBORNE
CASE NUMBER: 1:17-CR-00073(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
two Hundred sixty four (264) months as to count 22s

☒ The court makes the following recommendations to the Bureau of Prisons: that defendant participate in the Bureau of Prisons Residential and Alcohol Program (RDAP) and further recommends that defendant be designated to FCI Butner.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at             on

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2:00 pm on

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case: 1:17-cr-00073 Document #: 138 Filed: 10/18/19 Page 3 of 14 PageID #:1910
ILND 245B (Rev. 09/23/2019) Judgment in a Criminal Case
Sheet 3 – Supervised Release                                                                Judgment – Page 3 of 8

DEFENDANT: BRYAN OSBORNE
CASE NUMBER: 1:17-CR-00073(1)

## MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of: twelve (12) years.

The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**
- ☒ (1) you shall not commit another Federal, State, or local crime.
- ☒ (2) you shall not unlawfully possess a controlled substance.
- ☐ (3) you shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, if an approved program is readily available within a 50-mile radius of your legal residence. [Use for a first conviction of a domestic violence crime, as defined in § 3561(b).]
- ☒ (4) you shall register and comply with all requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16913).
- ☒ (5) you shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.
- ☒ (6) you shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release. [This mandatory condition may be ameliorated or suspended by the court for any defendant if reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

## DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in § 3553(a)(1) and (a)(2)(B), (C), and (D); such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in § 3553 (a)(2) (B), (C), and (D); and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994a. The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**
- ☐ (1) you shall provide financial support to any dependents if you are financially able to do so.
- ☐ (2) you shall make restitution to a victim of the offense under § 3556 (but not subject to the limitation of § 3663(a) or § 3663A(c)(1)(A)).
- ☐ (3) you shall give to the victims of the offense notice pursuant to the provisions of § 3555, as follows:
- ☒ (4) you shall seek, and work conscientiously at, lawful employment or, if you are not gainfully employed, you shall pursue conscientiously a course of study or vocational training that will equip you for employment.
- ☐ (5) you shall refrain from engaging in the following occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in the following specified occupation, business, or profession only to a stated degree or under stated circumstances; (if checked yes, please indicate restriction(s))       .
- ☒ (6) you shall not knowingly meet or communicate with any person whom you know to be engaged, or planning to be engaged, in criminal activity and shall not:
    - ☐ visit the following type of places:       .
    - ☒ knowingly meet or communicate with the following persons: Minors A B C D E F G H I J K M and N.
- ☒ (7) you shall refrain from ☒ any or ☐ excessive use of alcohol (defined as ☐ having a blood alcohol concentration greater than 0.08; or ☐       ), and from any use of a narcotic drug or other controlled substance, as defined in § 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner.
- ☒ (8) you shall not possess a firearm, destructive device, or other dangerous weapon.
- ☒ (9)
    - ☒ you shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.
    - ☒ you shall participate, at the direction of a probation officer, in a mental health treatment program, and shall take any medications prescribed by the mental health treatment provider.
    - ☐ you shall participate, at the direction of a probation officer, in medical care; (if checked yes, please specify:       .)

Case: 1:17-cr-00073 Document #: 138 Filed: 10/18/19 Page 4 of 14 PageID #:1910
ILND 245B (Rev. 09/23/2019) Judgment in a Criminal Case
Sheet 3 – Supervised Release
Judgment – Page 4 of 8

DEFENDANT: BRYAN OSBORNE
CASE NUMBER: 1:17-CR-00073(1)

- ☐ (10) (intermittent confinement): you shall remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling ▓▓▓▓ [no more than the lesser of one year or the term of imprisonment authorized for the offense], during the first year of the term of supervised release (provided, however, that a condition set forth in **§3563(b)(10)** shall be imposed only for a violation of a condition of supervised release in accordance with **§ 3583(e)(2)** and only when facilities are available) for the following period ▓▓▓▓.
- ☐ (11) (community confinement): you shall reside at, or participate in the program of a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term of supervised release, for a period of ▓▓▓▓ months.
- ☐ (12) you shall work in community service for ▓▓▓▓ hours as directed by a probation officer.
- ☐ (13) you shall reside in the following place or area: ▓▓▓▓, or refrain from residing in a specified place or area: ▓▓▓▓.
- ☒ (14) you shall not knowingly leave from the federal judicial district where you are being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.
- ☒ (15) you shall report to the probation office in the federal judicial district to which you are released within 72 hours of your release from imprisonment. You shall thereafter report to a probation officer at reasonable times as directed by the court or a probation officer.
- ☒ (16) ☒ you shall permit a probation officer to visit you ☒ at any reasonable time or ☒ as specified: ,
  - ☒ at home    ☐ at work    ☒ at school    ☐ at a community service location
  - ☒ other reasonable location specified by a probation officer
  - ☒ you shall permit confiscation of any contraband observed in plain view of the probation officer.
- ☒ (17) you shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. You shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.
- ☒ (18) you shall notify a probation officer within 72 hours if after being arrested, charged with a crime, or questioned by a law enforcement officer.
- ☐ (19) (home confinement)
  - ☐ (a)(i) (home incarceration) for a period of __ months, you are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the court.
  - ☐ (a)(ii) (home detention) for a period of __ months, you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the probation officer.
  - ☐ (a)(iii) (curfew) for a period of __ months, you are restricted to your residence every day.
  - ☐ from the times directed by the probation officer; or ☐ from __ to __.
  - ☐ (b) your compliance with this condition, as well as other court-imposed conditions of supervision, shall be monitored by a form of location monitoring technology selected at the discretion of the probation officer, and you shall abide by all technology requirements.
  - ☐ (c) you shall pay all or part of the cost of the location monitoring, at the daily contractual rate, if you are financially able to do so.
- ☐ (20) you shall comply with the terms of any court order or order of an administrative process pursuant to the law of a State, the District of Columbia, or any other possession or territory of the United States, requiring payments by you for the support and maintenance of a child or of a child and the parent with whom the child is living.
- ☐ (21) (deportation): you shall be surrendered to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act and the established implementing regulations. If ordered deported, you shall not remain in or enter the United States without obtaining, in advance, the express written consent of the United States Attorney General or the United States Secretary of the Department of Homeland Security.
- ☒ (22) you shall satisfy such other special conditions as ordered below.
- ☒ (23) You shall submit your person, property, house, residence, vehicle, papers [computers (as defined in 18 U.S.C. 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.
- ☐ (24) Other:

ILND 245B (Rev. 09/23/2019) Judgment in a Criminal Case
Sheet 3 – Supervised Release
Case: 1:17-cr-00073 Document #: 138 Filed: 10/18/19 Page 5 of 14 PageID #:1910
Judgment – Page 5 of 8

DEFENDANT: BRYAN OSBORNE
CASE NUMBER: 1:17-CR-00073(1)

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified by checkmarks below:

**During the term of supervised release:**

- ☐ (1) if you have not obtained a high school diploma or equivalent, you shall participate in a General Educational Development (GED) preparation course and seek to obtain a GED within the first year of supervision.
- ☒ (2) you shall participate in an approved job skill-training program at the direction of a probation officer within the first 60 days of placement on supervision.
- ☐ (3) you shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least _____ hours of community service per week at the direction of the probation office until gainfully employed. The total amount of community service required over your term of service shall not exceed _____ hours.
- ☐ (4) you shall not maintain employment where you have access to other individual's personal information, including, but not limited to, Social Security numbers and credit card numbers (or money) unless approved by a probation officer.
- ☒ (5) you shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment.
- ☒ (6) you shall provide a probation officer with access to any requested financial information requested by the probation officer to monitor compliance with conditions of supervised release.
- ☒ (7) within 72 hours of any significant change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments, you must notify the probation officer of the change.
- ☐ (8) you shall file accurate income tax returns and pay all taxes, interest, and penalties as required by law.
- ☒ (9) you shall participate in a sex offender treatment program. The specific program and provider will be determined by a probation officer. You shall comply with all recommended treatment which may include psychological and physiological testing. You shall maintain use of all prescribed medications.
    - ☒ You shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the United States Probation Office. You shall consent to the installation of computer monitoring software on all identified computers to which you have access and to which the probation officer has legitimate access by right or consent. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. You shall not remove, tamper with, reverse engineer, or in any way circumvent the software.
    - ☐ The cost of the monitoring shall be paid by you at the monthly contractual rate, if you are financially able, subject to satisfaction of other financial obligations imposed by this judgment.
    - ☒ You shall not possess or use at any location (including your place of employment), any computer, external storage device, or any device with access to the Internet or any online computer service without the prior approval of a probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or email system
    - ☒ You shall not possess any device that could be used for covert photography without the prior approval of a probation officer.
    - ☒ You shall not view or possess child pornography. If the treatment provider determines that exposure to other sexually stimulating material may be detrimental to the treatment process, or that additional conditions are likely to assist the treatment process, such proposed conditions shall be promptly presented to the court, for a determination, pursuant to **18 U.S.C. § 3583(e)(2)**, regarding whether to enlarge or otherwise modify the conditions of supervision to include conditions consistent with the recommendations of the treatment provider.
    - ☒ You shall not, without the approval of a probation officer and treatment provider, engage in activities that will put you in unsupervised private contact with any person under the age of 18, and you shall not knowingly visit locations where persons under the age of 18 regularly congregate, including parks, schools, school bus stops, playgrounds, and childcare facilities. This condition does not apply to contact in the course of normal commercial business or unintentional incidental contact
    - ☐ This condition does not apply to your family members: _____ [Names]
    - ☒ Your employment shall be restricted to the judicial district and division where you reside or are supervised, unless approval is granted by a probation officer. Prior to accepting any form of employment, you shall seek the approval of a probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the community you will pose if employed in a particular capacity. You shall not participate in any volunteer activity that may cause you to come into direct contact with children except under circumstances approved in advance by a probation officer and treatment provider.
    - ☒ You shall provide the probation officer with copies of your telephone bills, all credit card statements/receipts, and

DEFENDANT: BRYAN OSBORNE
CASE NUMBER: 1:17-CR-00073(1)

|   |   |   |
|---|---|---|
|   |   | any other financial information requested. |
|   | ☒ | You shall comply with all state and local laws pertaining to convicted sex offenders, including such laws that impose restrictions beyond those set forth in this order. |
| ☒ | (10) | you shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings. |
| ☒ | (11) | you shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior permission of the court. |
| ☐ | (12) | you shall pay to the Clerk of the Court $_____ as repayment to the United States of government funds you received during the investigation of this offense. (The Clerk of the Court shall remit the funds to _____ (list both Agency and Address.) |
| ☐ | (13) | if the probation officer determines that you pose a risk to another person (including an organization or members of the community), the probation officer may require you to tell the person about the risk, and you must comply with that instruction. Such notification could include advising the person about your record of arrests and convictions and substance use. The probation officer may contact the person and confirm that you have told the person about the risk. |
| ☐ | (14) | You shall observe one Reentry Court session, as instructed by your probation officer. |
| ☐ | (15) | Other: _____ |

DEFENDANT: BRYAN OSBORNE
CASE NUMBER: 1:17-CR-00073(1)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $.00 | $142,481.00 |

☐ The determination of restitution is deferred until          . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

See attached page.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the          .

  ☐ the interest requirement for the          is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\* Findings for the total amount of losses are required under **Chapters 109A, 110, 110A, and 113A of Title 18** for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BRYAN OSBORNE
CASE NUMBER: 1:17-CR-00073(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $142,581 due immediately.

☐ balance due not later than         , or

☐ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal        *(e.g. weekly, monthly, quarterly)* installments of $        over a period of        *(e.g., months or years)*, to commence        *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal        *(e.g. weekly, monthly, quarterly)* installments of $        over a period of        *(e.g., months or years)*, to commence        *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within        *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee, if<br>Appropriate |
|---|---|---|---|

**See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: See attached Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 17 CR 73 |
| | ) | |
| BRYAN OSBORNE | ) | Judge Sara L. Ellis |
| | ) | |

**PRELIMINARY ORDER OF FORFEITURE AND ABANDONMENT**

The United States asks this Court to issue a preliminary order of forfeiture and abandonment as to specific property pursuant to Title 18, United States Code, Section 1594, Title 28, United States Code, Section 2461(c), Fed. R. Crim. P. 32.2, Title 28, United States Code, Section 1651 and Title 41, Code of Federal Regulations, Section 128-48.1, and the Court being fully informed hereby finds as follows:

(a) On June 22, 2017, a superseding indictment was returned charging defendant BRYAN OSBORNE in Counts One, Six, Ten, Thirteen, Fifteen and Eighteen with enticement of a minor to engage in a criminal sex act in violation of 18 U.S.C. § 2422(b), in Counts Two, Three, Five, Seven, Eight, Eleven, Twelve, Fourteen, Sixteen, Seventeen, Nineteen, Twenty-One, Twenty-Two and Twenty-Five with sex trafficking or attempted sex trafficking of minors by force, fraud, or coercion in violation of 18 U.S.C. § 1591(b), in Count Four with sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591(b)(1), in Counts Nine and Twenty with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and in Counts Twenty-Three and Twenty-Four with production of child pornography in violation of 18 U.S.C. § 2251(a).

(b) The superseding indictment sought forfeiture to the United States of certain property pursuant to the provisions of 18 U.S.C. §§ 2253 and 1594(d).

(c) On November 29, 2017, pursuant to Fed R. Crim. P. 11, defendant BRYAN OSBORNE entered a voluntary plea of guilty to Count Twenty-Two of the superseding indictment

charging him with a violation of 18 U.S.C. § 1591, thereby making specific property named in the superseding indictment subject to forfeiture pursuant to the provisions of 18 U.S.C. § 1594(d).

  (d) Pursuant to the terms of the plea agreement, defendant BRYAN OSBORNE has agreed to the entry of a preliminary order of forfeiture relinquishing any right, title or interest he has in item (1) listed below pursuant to 18 U.S.C. § 1594(d):

    (1) one Toshiba digital camera, Model Camileo BW10, bearing serial number PA3897U-1CAS.

Defendant BRYAN OSBORNE also agreed that items (2) through (17) listed below are subject to abandonment and agreed to relinquish and abandon any right, title, or ownership interest he may have in the property, so that the property may be disposed of according to law.

    (2) An HP Compaq desktop bearing serial number MXD4060J6X;

    (3) A Compaq desktop, model Presario SR1903WM, bearing serial number CNH626032J;

    (4) A Dell laptop bearing service tag number BPV6XF1;

    (5) A black T-Mobile cellular telephone bearing IMEI: 012908002488096;

    (6) A black Kyocera cellular telephone, model C5170 bearing HEX A000004124D4F5;

    (7) A black portable Franklin Wifi hotspot device bearing serial number QRG2033845;

    (8) A Prestige Elite tablet, model ME-7Q with an unknown serial number;

    (9) A black Alcatel cellular telephone, model Onetouch 4037T, bearing serial number 014068002275742;

    (10) A black Alcatel cellular telephone with a dark gray back cover, model Onetouch 7024N with an unknown serial number;

    (11) A Dell laptop bearing barcode number T0512711 with power cord;

(12) A black LG tablet, LG-LK430, bearing FCCID ZNFLK430;

(13) A black Alcatel cellular telephone with a blue-green back cover, model One Touch Fierce, bearing IMEI 013775001950635;

(14) A black Cricket Samsung cellular telephone, model SM J12AZ Galaxy Amp 2, bearing IMEI 356419075530362;

(15) Six bullets: three Winchester .45-caliber, two R P Auto .45-caliber, and one Luger 9mm-caliber; and

(16) Thirty-eight .38-caliber Smith and Wesson bullets.

(e) As the property listed above in paragraph (d)(1) is subject to forfeiture based on the defendant's conviction of Count Twenty-Two, the United States requests that this Court enter a preliminary order of forfeiture, pursuant to 18 U.S.C. § 1594(d) and 28 U.S.C. § 2461(c), in which all right, title, and interest of the defendant in the property is forfeit to the United States for disposition according to law.

(f) Furthermore, pursuant to the provisions of 28 U.S.C. § 1651 and 41 C.F.R. § 128-48.1, the United States requests that this Court enter an order of abandonment, relinquishing and abandoning any right, title, and interest defendant BRYAN OSBORNE has in the property listed above in paragraph (d) (2) through (17) for disposition according to law.

(g) The United States further requests that the terms and conditions of this preliminary order of forfeiture and abandonment entered by this Court be made part of the sentence imposed against defendant BRYAN OSBORNE and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That, pursuant to the provisions of 18 U.S.C. § 1594(d), 28 U.S.C. § 2461(c) and

Fed. R. Crim. P. 32.2, all right, title, and interest that defendant BRYAN OSBORNE may have in item (a) listed below is hereby forfeit to the United States for disposition according to law:

 (a) one Toshiba digital camera, Model Camileo BW10, serial number PA3897U-1CAS.

It is further ordered,

2. That, pursuant to the provisions of 28 U.S.C. § 1651 and 41 C.F.R. § 128-48.1, all right, title and interest of defendant BRYAN OSBORNE in items (a) through (p) listed below is hereby relinquished and abandoned to the United States of America for disposition according to law:

 (a) An HP Compaq desktop bearing serial number MXD4060J6X;

 (b) A Compaq desktop, model Presario SR1903WM, bearing serial number CNH626032J;

 (c) A Dell laptop bearing service tag number BPV6XF1;

 (d) A black T-Mobile cellular telephone bearing IMEI: 012908002488096;

 (e) A black Kyocera cellular telephone, model C5170 bearing HEX A000004124D4F5;

 (f) A black portable Franklin Wifi hotspot device bearing serial number QRG2033845;

 (g) A Prestige Elite tablet, model ME-7Q with an unknown serial number;

 (h) A black Alcatel cellular telephone, model Onetouch 4037T, bearing serial number 014068002275742;

 (i) A black Alcatel cellular telephone with a dark gray back cover, model Onetouch 7024N with an unknown serial number;

 (j) A Dell laptop bearing barcode number T0512711 with power cord;

 (k) A black LG tablet, LG-LK430, bearing FCCID ZNFLK430;

4

    (l)    A black Alcatel cellular telephone with a blue-green back cover, model One Touch Fierce, bearing IMEI 013775001950635;

    (m)    A black Cricket Samsung cellular telephone, model SM J12AZ Galaxy Amp 2, bearing IMEI 356419075530362;

    (n)    Six bullets: three Winchester .45-caliber, two R P Auto .45-caliber, and one Luger 9mm-caliber; and

    (o)    Thirty-eight .38-caliber Smith and Wesson bullets; and

It is further ordered,

3.    That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), upon entry of this preliminary order of forfeiture and abandonment, the Federal Bureau of Investigation shall seize and take custody of the foregoing property for disposition according to law, including destruction.    It is further ordered,

4.    That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), and 41 C.F.R. § 128-48.102-1, upon entry of a preliminary order of forfeiture and abandonment, the United States shall publish notice of this order and of its intent to dispose of the property according to law.    The government may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture and abandonment.    The government is unaware at this time of anyone who qualifies for such notice.    It is further ordered,

5.    That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), if, following notice as directed by this Court and 21 U.S.C. § 853(n)(1), any person, other than the defendant, asserts a legal interest in the property that has been ordered forfeit to the United States, within thirty days of the final publication of notice or this receipt of notice

under paragraph four (4), whichever is earlier, and petitions the Court for a hearing to adjudicate the validity of this alleged interest in the property, the government shall request a hearing. The hearing shall be held before the Court alone, without a jury. It is further ordered,

6.    That, following the Court's disposition of all third party interests, the Court shall, if appropriate, upon the government's motion, enter a final order of forfeiture and abandonment as to the foregoing property, which is the subject of this preliminary order of forfeiture and abandonment, which shall vest clear title in the United States of America. It is further ordered,

7.    That, the terms and conditions of this preliminary order of forfeiture and abandonment entered by this Court shall be made part of the sentence imposed against defendant BRYAN OSBORNE and included in any judgment and commitment order entered in this case against him. It is further ordered,

8.    That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this order.

_____
SARA L. ELLIS
United States District Judge

Dated:    September 30, 2019